LaMOTTE, STEWART, F., Jr., Associate Judge.
Appellant, plaintiff below, brings this appeal from an adverse final judgment in a mortgage foreclosure action against the defendants, W. C. Crowell, Jr. et ux. and Pilot Life Insurance Company.
Plaintiff’s suit was founded upon the theory that the defendants were bound by the acts of its alleged agent, Abstract & Title Insurance Company of Stuart, Florida, Inc.
*131 The facts are essentially as follows:
The Crowells sought a permanent mortgage and construction loan in order to build a home. One Houk, a mortgage broker, obtained, for the Crowells, a permanent mortgage commitment from Pilot Life Insurance Company. Houk advised the Crowells that Abstract & Title Insurance Company of Stuart, Florida, Inc. would handle the disbursing of Pilot’s funds.
Predicated upon Pilot’s commitment, Abstract & Title, acting through its president, James Burgess, agreed to make the construction loan.
On or about June 15, 1965, the Crowells executed a mortgage and mortgage note to Abstract & Title. The mortgage was immediately recorded by Abstract & Title. In order to obtain money to fund the Crowell construction loan, Abstract & Title, through James Burgess, contacted Sidney Wood, Vice President of Kansas City, and arranged to borrow the money which would be made available to the Crowells. It was agreed that Abstract & Title would give its notes to Kansas City for the monies loaned. It is significant to note that the Crowell note, running to Abstract & Title was not endorsed to Kansas City. However, two separate assignments of the Crowell mortgage were given by Abstract & Title to Kansas City.
In December, 1965, the Crowells having then completed the construction of their home, executed the permanent mortgage ■and mortgage note in favor of Pilot Life. From the proceeds of this permanent mortgage, Abstract & Title retained the sum of $20,000 in payment of the construction loan and remitted the balance to the Crowells.
Unfortunately for Kansas City, it had failed to record either assignment of mortgage until June 10, 1966 — some ten months after it had received the second of two assignments of mortgage from Abstract & Title and some five months, as we will note, after the subject mortgage had been satisfied of record by Abstract & Title.
Subsequently, in January of 1966, Abstract & Title filed of record a satisfaction of the construction loan. (The same mortgage to which Kansas City held two separate un-recorded assignments.)
It is clear from the record that Kansas City was well aware that Abstract & Title had satisfied the Crowell construction mortgage. The testimony of Mr. Burgess, President of Abstract & Title, the testimony of Mr. Wood, Vice President of Kansas City, together with the correspondence between Burgess and Wood clearly indicate that Kansas City agreed to accept other security — in the form of a mortgage dated August 15, 1966, from Bilden, Inc. to Kansas City, in the amount of $20,000. Bilden, Inc., it appears, was a corporation wholly owned by James Burgess of Abstract & Title.
By January of 1967, it was somberly clear to Kansas City that the Bilden, Inc. mortgage was poor collateral for the $20,-000 obligation. At this juncture, Kansas City found itself in a cul-de-sac of its own making. It had failed to record its assignments of the Crowell construction loan mortgage and it had agreed to an imprudent substitution of collateral.
In March of 1967, Kansas City notified the Crowells that it claimed a mortgage on their home; notwithstanding that the mortgage had been satisfied of record for more than a year. We note that no payments were ever made to Kansas City in accord with the tenor of the Crowell construction loan — nor were any ever demanded by Kansas City.
The record contains no evidence of an agency relationship between the Crowells and Abstract & Title or between Pilot Life and Abstract & Title as would allow Kansas City to extricate itself from its unfortunate position. Mr. Wood, the beleaguered vice president of Kansas City, succinctly explained the predicament by *132 simply stating that he had trusted Mr. Burgess. This misplaced trust cannot be visited upon the appellees, as the judgment of the court below is well supported by the evidence and testimony.
Accordingly, we affirm.
OWEN, J., concurs.
WALDEN, J., concurs in conclusion of affirmance, without opinion.